

# The Attorney General of Texas

May 1, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patrick J. Ridley
Bell County Attorney
Bell County Courthouse
Belton, Texas 76513

Opinion No. MW-175

Re: Effect of signing a nominating petition for a candidate in a primary election.

Dear Mr. Ridley:

You ask for an interpretation of article 13.08(d) of the Election Code. This statute provides that a candidate may have his name placed on a primary ballot through the filing of nominating petitions as opposed to the paying of a filing fee. You wish to know whether a voter who signs a nominating petition for a candidate of one political party is thereby precluded from participating in the primary or precinct convention of another political party.

Article 13.08(d) of the Election Code provides that the following statement appear at the head of each page of a nominating petition:

> 'I know the contents of this petition. I am a qualified voter eligible to vote in the forthcoming primary election of the (fill in name) Party for the office of which (fill in name) is a candidate. I have not signed the petition of a candidate who is running for any office [in] the primary of any other party. I understand that by signing this petition I become ineligible to affiliate with any other party or to participate in the primary elections, conventions, or other party affairs of any other party, including a party which is not holding a primary election, during the voting year in which this election is held, and that I am guilty of a misdemeanor if I attempt to do so.'

There is no requirement for the administering of an oath to any person signing a petition under article 13.08(d) of the Election Code.

We find no provision which actually prohibits one who has signed such a petition from participating in the primary election or convention of another party. Article 15.41 of the Election Code penalizes one who votes knowing

that he is unqualified, but the offense is a third degree felony rather than the misdemeanor referred to in the statement. See also Election Code arts. 15.42 (instigating illegal voting is a third degree felony); 15.43 (false swearing as to qualifications to vote is a third degree felony); 15.44 (inducing voter to swear falsely is a third degree felony). We do not believe that a person who signs a petition violates article 15.45 of the Election Code, which prohibits voting in a primary by one who is not qualified to vote in that precinct or who votes more than once in the same primary election. Nor do we believe he violates article 15.49 of the Election Code, which prohibits one who has voted at the primary or participated in the convention of one party from similar participation in the primary or convention of the other party. Signing a petition would not constitute voting in the primary or participating in the convention. Thus, we do not believe the statement refers to the misdemeanor offense found in article 15.49 of the Election Code.

The statement apparently refers to a misdemeanor provision which is no longer in effect. The predecessor of article 13.08 of the Election Code was former Election Code article 13.08c, which provided in section (f) that the petition language required under Election Code article 13.08(d) be administered as an oath to all signers. Acts 1971, 62nd Leg., 1st C.S., ch. 11, at 34. Section (g) of the former article 13.08c provided that the signer of a petition "becomes ineligible to affiliate with any other party during the voting year in which the election is held." If he participated or attempted to participate in the primary or convention of any other party during the voting year, he would be guilty of a misdemeanor. When the law was amended in 1975 the prohibition was intentionally or inadvertently repealed even though the language of the petition was retained. In our opinion, the petition language is tied to the prohibition and misdemeanor penalty which are no longer effective. Although it may recite the public policy of the state as adopted by the legislature, the language of the petition alone does not expressly prohibit the signer from participating in the primary election of another party. Consequently, a voter who signs a nominating petition for a candidate of one political party is not thereby expressly prohibited from participating in the primary or precinct convention of another party.

You next ask whether nominating petitions for primary elections in the custody of political parties are available for public inspection under the Open Records Act. The primaries of the political parties are financed by public funds. Election Code art. 13.08(e). Acts 1979, 66th Leg., ch. 843, at 2719. The state executive committee has to submit to the secretary of state reports of filing fees which it receives. Id.

The Open Records Act applies to information maintained by governmental bodies, defined to include

> the part, section, or portion of every organization, corporation,
> commission, committee, institution, or agency which is supported
> in whole or in part by public funds, or which expends public funds.
> Public funds as used herein shall mean funds of the State of Texas
> or any governmental subdivision thereof; . . .

V.T.C.S. art. 6252-17a, § 2(1)(F). A Texas district court has held that the Dallas County Democratic Executive Committee was a governmental body within the Open Records Act,

relying on the fact that it was supported in part by and did expend public funds. Pangburn v. Debusk, Civ. No. 74-2552-C, Dist. Ct. of Dallas County, 68th Judicial Dist. of Texas, May 2, 1974. See Comment, The Texas Open Records Act: A Section-by-Section Analysis, 14 Houston L. Rev. 398, 403 (1977). See also Open Records Decision No. 228 (1979) (North Texas Commission is a governmental body under the Open Records Act). We find no exception in the Open Records Act that would permit the withholding of the nominating petitions which constitute part of the primary election process. See generally Open Records Decision No. 146 (1976) (information concerning city elections is available to the public under the Open Records Act).

## SUMMARY

The language of the petition form set out in article 13.08(d) of the Election Code states the public policy of the state that a person who signs a petition under that statute for a candidate of one party not participate in the primary and party affairs of another party. However, the specific prohibition against voting in the primary of another party was repealed in 1975, and thus a voter who signs a nominating petition for a candidate of one political party pursuant to article 13.08(d) of the Election Code is no longer expressly prohibited from participating in the primary or precinct convention of another political party. Nominating petitions for primary elections in the custody of political parties are available for public inspection under the Open Records Act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison

Susan Garrison
Rick Gilpin
Terry Goodman
Tom Pollan